IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| CINDY NAILE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KIYO’S TRANSMISSION SERVICE LLC, and DOES 1–100, inclusive,<br><br>Defendants. | Case No. 26-cv-00349-DKW-RT<br><br>**ORDER GRANTING DEFENDANT’S MOTION TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND**[1] |

On August 15, 2026, Defendant Kiyo’s Transmission Service LLC (“Kiyo’s”) filed a Motion to Dismiss Plaintiff Cindy Naile’s Complaint (“Motion”). Dkt. No. 12. Naile opposes the Motion, Dkt. No. 20, and Kiyo’s has replied, Dkt. No. 22.

Having reviewed the Complaint, the Motion, the parties’ briefs, and the relevant legal authorities, the Court agrees with Kiyo’s that Naile has failed to allege facts sufficient to plausibly state a federal claim to relief, and dismissal is therefore appropriate. Accordingly, the Motion is GRANTED, with leave to amend, as explained below.

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

## FACTUAL & PROCEDURAL BACKGROUND

### I. The Complaint[2]

Naile is a 74-year-old woman living in Hawai‘i. Dkt. No. 1 ¶ 20. Kiyo’s is a Hawai‘i-based company that “is engaged in the business of repairing vehicles, specifically transmissions.” *Id.* ¶ 21. Naile owns a 2006 Subaru Outback (“Vehicle”), which she delivered to Kiyo’s on July 25, 2024 for transmission diagnosis, repair, and related automotive services. *Id.* ¶¶ 20, 25.

Kiyo’s had possession of the Vehicle for over nineteen months and charged Naile a total of $21,253.76. *Id.* ¶ 30. When Naile retrieved the Vehicle, it was not running. *Id.* Shortly thereafter, an independent mechanic determined that the Vehicle’s transmission was in a state of disrepair, it had a broken radiator, and the new parts that had allegedly been purchased for the Vehicle had not been installed. *Id.* Naile alleges that Kiyo’s failed to provide notice that the Vehicle was repaired or ready for pickup, *id.* ¶¶ 35, 38; failed to provide notice of storage fees, *id.* ¶ 36; and refused to surrender the Vehicle, *id.* ¶ 37. She also alleges that Kiyo’s failed to provide her with written estimates for labor and parts, a written agreement for storage charges, and other writings. *See, e.g.*, Dkt. No. 1 ¶¶ 11, 27, 33, 34.

---

[2]The facts are taken from Naile’s Complaint, Dkt. No. 1, and are assumed to be true for purposes of Kiyo’s Motion.

Naile filed a small claims action in Hawai'i state court against Kiyo's mechanic—*Naile v. Takane*, Case No. 1DSC-25-0000618—in which she proceeded *pro se*. *Id.* ¶ 41. The case ultimately settled. *Id.* Naile claims she agreed to the settlement "under [] duress" in order to retrieve her Vehicle and stop incurring storage fees. *Id.* ¶¶ 41, 45. Naile alleges that, in the small claims suit, Kiyo's submitted "provably false statements and provably falsified records," including "manufactured receipts" she had not previously received. *Id.* ¶¶ 27, 43–44.

Naile claims that she incurred damages in excess of $28,796.45. *Id.* ¶ 49. Together with "statutory damages, punitive damages, attorneys' fees, treble damages, costs, and continuing damages," she seeks over $75,000.00. *Id.* She also requests equitable and declaratory relief. *Id.* at 27–28.

## II. Procedural History

On July 7, 2026, Naile initiated this action by filing her Complaint. Dkt. No. 1. Naile asserts eleven causes of action: (1) violation of the Hawai‘i Unfair or Deceptive Acts or Practices Act, H.R.S. § 480, *et seq.* ("Hawai‘i UDAP"); (2) violation of the Hawai‘i UDAP for Consumer Frauds Against Elders, H.R.S. § 480-13.5; (3) breach of implied warranty, recission, and revocation of acceptance; (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (5) negligence; (6) negligent misrepresentation; (7) conversion; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional

distress; (10) breach of fiduciary duty; and (11) intentional and/or negligent misrepresentation. *Id.* ¶¶ 50–145. Counts Three through Five of the Complaint assert, in part, violations of federal law. *Id.* ¶¶ 79–103. Specifically, Count Four asserts violations under the FDCPA, and Counts Three and Five[3] assert violations under the Magnuson-Moss Warranty Act, 15 U.S.C § 2304 ("MMW Act"). *Id.*

On August 15, 2026, Kiyo's moved to dismiss the Complaint, arguing that this case fundamentally involves questions of Hawaiʻi law and that the federal law causes of action are not properly pled. Dkt. No. 12-1. On September 18, 2026, Kiyo's replied, noting that Naile had failed to file an opposition. Dkt. No. 19. On September 21, 2026, Naile filed her belated opposition brief ("Opposition"), arguing that she had alleged sufficient facts to state plausible federal claims and that dismissal of her state law claims was premature. Dkt. No. 20. On September 30, 2026, Kiyo's replied, asserting again that Naile could not sustain her federal law causes of action and arguing that the Opposition offers no reason for the Court to retain jurisdiction over Naile's state law claims. Dkt. No. 22.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule

[3]While Counts Three and Five allege state law claims, subsumed within them are references to the MMW Act. *See* Dkt. No. 1 ¶¶ 84, 98.

12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that only permit a court to infer "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citation omitted). Nonetheless, justice does not

require leave to amend when: (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

## DISCUSSION

Kiyo's seeks dismissal on the grounds that: (1) the Complaint does not plausibly allege that Kiyo's is a "debt collector" under the FDCPA; (2) the MMW Act applies only to the breach of a "written warranty," an "implied warranty," or a "service contract," none of which are identified in the Complaint; and (3) the remaining counts arise under Hawaiʻi law, and are therefore not within this Court's original jurisdiction. Dkt. No. 12. The Court agrees. Accordingly, it GRANTS the Motion and DISMISSES the Complaint, with leave to amend, as discussed below.

### I. Fair Debt Collection Practices Act (Count Four)

Count Four of Naile's Complaint asserts a claim under the FDCPA. Dkt. No. 1 ¶¶ 89–96. Naile relies principally on Section 1692f(6) of the Act, which imposes certain restrictions on "debt collector[s]," which Kiyo's has allegedly violated. *See* 15 U.S.C. § 1692f. A "debt collector" is defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in

any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). For purposes of Section 1692f(6), the definition also includes those who engage in business of which the "principal purpose" is the "enforcement of security interests." *Id.*

The FDCPA does not apply here for at least two reasons. First, Naile argues that Kiyo's retention of her Vehicle puts Kiyo's within the ambit of Section 1692f(6) because it seeks to enforce a security interest. Dkt. No. 20 at 3–5. But, as Naile acknowledges, this provision only applies if the "*principal purpose*" of the business is "the enforcement of security interests." Dkt. No. 20 at 4 (emphasis added); *see* 15 U.S.C. § 1692a(6). Naile offers nothing to demonstrate that this is Kiyo's principal purpose, and, in fact, concedes that Kiyo's "operates an automotive repair business." Dkt. No. 20 at 7. Naile then argues that Kiyo's "conduct" is a "factual issue[]" that will be borne out in discovery. Dkt. No. 20 at 7–8. This is neither the relevant question under the FDCPA nor a proper use of discovery. Naile may not substitute the "principal purpose" requirement with one of her own creation. Nor may her claim survive a motion to dismiss simply because she "left open the possibility that [she] might later establish some set of undisclosed facts to support recovery.'" *See Twombly*, 550 U.S. at 561 (internal quotation marks and alterations omitted). In short, Naile has not plausibly pled a

violation under Section 1692f(6), and she will not be permitted to maintain a cause of action that she does not currently have the factual basis to assert, hoping that discovery will establish what is not now evident.

Second, for an entity to be a "debt collector" under the FDCPA, the debts in question must be "owed or due another." 15 U.S.C. § 1692a(6). Nowhere in the Complaint does Naile allege that Kiyo's seeks to collect a debt owed to anyone but itself.[4] Because this Court has already foreclosed the possibility that this provision can be interpreted to "include a creditor collecting a debt on its own behalf," Naile has not demonstrated that Kiyo's is a debt collector under the FDCPA. *See Graham v. Wilmington Sav. Fund Soc'y, FSB*, 2020 WL 2561886, at *7 (D. Haw. May 20, 2020); *see also Grant v. Seterus, Inc.*, 771 F. App'x 362 (9th Cir. 2019) (stating that 15 U.S.C. § 1692a(6)(F)(ii) "exclude[es] from the definition of debt collector a creditor collecting debts on its behalf"); *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 779, n.1 (9th Cir. 2017) ("Under the FDCPA, a

---

[4]To the extent Naile's Opposition can be read to argue that the "debts of another" requirement is satisfied because Kiyo's attorney sought to secure Kiyo's debt "on its behalf," *see* Dkt. No. 20 at 4–5, that is not clearly pled in the Complaint and therefore not properly before this Court. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (explaining that "'new' allegations" in an opposition to a motion to dismiss "are irrelevant for Rule 12(b)(6) purposes."). Moreover, even if properly pled, this argument would not do Naile any favors—although an attorney litigating on behalf of a client may fall within the FDCPA definition of a "debt collector" under certain circumstances, that would make the attorney, not the client, a debt collector. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (holding that the FDCPA applies to attorneys who "regularly, through litigation," engage in consumer-debt-collection activity) (internal quotation mark omitted).

creditor collecting debts on its own behalf is not a 'debt collector.'") (citation omitted).[5]

## II. The Magnuson-Moss Warranty Act (Counts Three and Five)

In Counts Three and Five of Naile's Complaint, she asserts that Kiyo's "had a duty to repair" her Vehicle "in a timely manner" pursuant to express and implied warranties under the MMW Act. *See* Dkt. No. 1 ¶¶ 84, 98. Kiyo's counters that the Complaint does not plausibly allege facts establishing the existence of a "written warranty, implied warranty, or service contract," and asserts that warranties on services are not subject to the MMW Act. Dkt. No. 12-1 at 11–15. Naile, in opposition, seems to concede she does not have warranty claims against defective workmanship, but argues that she has both written and implied warranty claims based on "parts and materials purportedly supplied in connection with the repair" of her Vehicle. Dkt. No. 20 at 10. For the following reasons, the Court finds that Naile does not state a claim under the MMW Act.

First, Naile's Complaint repeatedly alleges that Kiyo's did *not* purchase or install any parts in her Vehicle. *E.g.*, Dkt. No. 1 ¶¶ 29, 30, 33, 35, 44, 55. How Kiyo's could then owe her a warranty on uninstalled parts is never explained. Naile attempts to sidestep this implausible contradiction by arguing that whether the parts

---

[5]Because Naile has not plausibly alleged that Kiyo's activities are governed by the FDCPA, the Court does not address the additional grounds on which Kiyo's seeks dismissal of Naile's FDCPA claim. *See, e.g.*, Dkt. No. 12-1 at 10–11.

were in fact purchased or installed is a factual question, and therefore should not be resolved against her at the pleading stage. Dkt. No. 20 at 9. But she cannot have it both ways. The Court must accept all plausibly pled factual allegations as true, *Iqbal*, 556 U.S. at 678, and under the only facts before this Court, the parts and materials that serve as the basis for Naile's warranty argument "were never ordered and/or installed," Dkt. No. 1 ¶ 29. These phantom parts therefore cannot supply the basis for a warranty claim.

Next, Naile's Complaint refers only to "Section 2304(4)" of the MMW Act, Dkt. No. 1 ¶¶ 84, 98, for which she appears to mean Section 2304(a)(4). Subsection (a) lays out criteria for a warrantor to "meet the Federal minimum standards for warranty" "by means of a *written* warranty." 15 U.S.C § 2304(a) (emphasis added). The Complaint does not plead that Kiyo's issued Naile a written warranty. To the contrary, Naile's Complaint repeatedly alleges that Kiyo's did *not* provide her with written representations of any kind. *See, e.g.*, Dkt. No. 1 ¶¶ 11, 27, 28, 33, 34, 54, 92. Further, Naile may not, as she contends, use discovery to determine whether a written warranty in fact existed, since discovery is not the time for identifying the basis of a claim already alleged. *See* Dkt. No. 20 at 12; Fed. R. Civ. P. 11(b)(3) (requiring a litigant, at the time of pleading, to be able to certify that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery”); *see also* Fed. R. Civ. P. 11(b), Advisory Committee’s Note to 1993 Amendment (“Tolerance of factual contentions in initial pleadings. . . is not a license to join parties, make claims, or present defenses without any factual basis or justification”).

Finally, to the extent Naile is relying on an *implied* warranty theory, she does not identify a related federal claim, only a state one, H.R.S. § 490:2-314.[6] *See* Dkt. No. 1 ¶¶ 79–88. Naile attempts to circumvent this fact by suggesting that Section 2-314 of the Uniform Commercial Code (“UCC”) provides a federal hook. *See* Dkt. No. 20 at 12. However, the UCC is not binding on federal courts, and instead provides guidelines that many states, like Hawai‘i, have adopted in their state statutes. *See SCD RMA, LLC v. Farsighted Enters.*, Inc., 591 F. Supp. 2d 1131, 1135 (D. Haw. 2008) (explaining that Hawai‘i codified the UCC in the Hawai‘i Revised Statutes in 1965). Indeed, Naile seems to admit she cannot identify a federal cause of action, arguing that, since the UCC is “well-recognized,” “it is difficult to believe that there is no claim under federal law.” *See* Dkt. No. 20 at 13. Because it is Naile’s duty to identify such a claim, and she has not done so, her implied warranty theory likewise fails.

[6]Naile also cites “15 U.S.C § 2304(4)” to support her implied warranty theory, but as discussed above, 15 U.S.C § 2304(a)(4) applies only to “a written warranty.”

## III. The State Law Claims (Counts One, Two, Three, Five, Six, Seven, Eight, Nine, Ten, and Eleven)

Having dismissed the federal claims, Naile's only remaining claims are state law claims over which the Court has only supplemental jurisdiction. *See* Dkt. No. 1 ¶¶ 14, 16, 18 (pleading that the Court has jurisdiction under 28 U.S.C. §§ 1331, 1367). "[D]istrict courts may decline to exercise supplemental jurisdiction" over state law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). When a federal court decides whether to exercise supplemental jurisdiction, it "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal citation omitted). Typically, when "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal citation omitted).

Here, because the dismissed federal claims provide the only basis for federal question jurisdiction, the Court does not address the state law claims in this Order. If Naile files an amended complaint that plausibly pleads a federal claim and re-pleads her state law claims, the Court will retain jurisdiction over the latter claims and address them if Kiyo's again requests dismissal. If Naile does not file an

amended complaint, the Court will decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3) and will DISMISS them without prejudice to refiling in state court.

## CONCLUSION

For the reasons set forth herein, Kiyo's Motion, Dkt. No. 12, is GRANTED. Naile's Complaint, Dkt. No. 1, is DISMISSED without prejudice and with leave to amend. *See Lopez*, 203 F.3d at 1130. Should Naile wish to amend her pleadings, she must file a standalone First Amended Complaint that does not incorporate or rely on her previous filings no later than November 17, 2026.

IT IS SO ORDERED.

DATED: November 3, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge